## INCOMPETENT EVIDENCE AT A CRIMINAL TRIAL.

Circuit Court of Hamilton County.

LOUIS SMITH v. STATE OF OHIO.

Decided, August 3, 1912.

*Criminal Law—Admission of Guilt to Magistrate Conducting Preliminary Examination Competent at Subsequent Trial—Evidence as to Letter Written by the Defendant.*

1. The testimony of the magistrate, before whom the accused was brought for his preliminary examination, that he privately admitted his guilt, is competent evidence at his subsequent trial before the common pleas.

2. A letter written by the accused to the prosecuting witness is not competent evidence against him, but where he failed to take the stand and deny its authenticity and his guilt was established beyond a doubt by competent testimony and his own admission, the judgment finding him guilty will not be reversed.

*Dudley P. Wayne,* for plaintiff in error.

*Thos. L. Pogue,* Prosecuting Attorney, contra.

The plaintiff in error was convicted of larceny in the theft of jewelry from the residence of Miss Bertha Oettinger, where he had been employed to repair some window screens. His preliminary examination occurred before Justice Muller, who testified at the trial in the common pleas that Smith admitted to him that he took the jewelry.

JONES, J.; SMITH, P. J., and SWING, J., concur.

We can not see that it was error for the trial court to have admitted the evidence of witnesses as to the admission by Smith of his guilt made at the time he appeared before the examining magistrate.

The admission of the letter written to Miss Oettinger was not in accord with the rules of evidence, but in view of defendant's admissions and other convincing evidence we think this was not reversible error. The defendant did not embrace his opportunity to deny having written the letter. Although that omission should not weigh against him, we must decline to reverse the case for such error alone when the competent or admissible evidence in the case clearly establishes guilt beyond a reasonable doubt.

Judgment affirmed.